UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MERVIN G. RHODES,

    Plaintiff,

v.                                            Case No. 3:19-cv-497-J-34JBT

KEVIN DAVIS, et al.,

    Defendants.
_____

## ORDER

### I.    Status

Plaintiff Mervin Rhodes, an inmate in the custody of the Florida Department of Corrections, initiated this action on April 29, 2019,[1] by filing a pro se Civil Rights Complaint (Complaint; Doc. 1) pursuant to 42 U.S.C. § 1983. Rhodes is proceeding on a third amended complaint (Third Amended Complaint; Doc. 51), filed on August 2, 2019. In the Third Amended Complaint, Rhodes names as defendants Kevin Davis,[2] Tori Bowden, and John or Jane Doe the director of supervisors for the Florida Commission on Offender Review (FCOR). Third Amended Complaint at 2. Rhodes asserts that Defendants violated his Fifth and Fourteenth Amendment rights by falsely imprisoning him. Id. at 5-10. As relief, Rhodes seeks compensatory, punitive, and nominal damages. Id. at 10. Before the Court are Defendants' motions to dismiss. See Defendant's Motion to Dismiss the Third Amended Complaint (FCOR Motion; Doc. 52); and Defendant Bowden's Motion to

---

[1] See Houston v. Lack, 487 U.S. 266, 276 (1988) (mailbox rule).
[2] In Rhodes' Response to the FCOR Motion, Rhodes requested that Davis "be dismissed from liability in this action." Response to FCOR Motion at 2. By order dated April 8, 2020, the Court dismissed all claims against Davis. Doc. 58.

Dismiss (Bowden Motion; Doc. 61). Rhodes filed separate responses to both motions and also titled them as motions for summary judgment. See Motion for Summary Judgment/Response to Motions to Dismiss (Response to FCOR Motion; Doc. 57); Plaintiff's Response to Defendant Bowden's Motion to Dismiss/Request for Summary Judgment (Response to Bowden Motion; Doc. 64). The Motions are ripe for review.

## II.   Rhodes' Allegations

In the Third Amended Complaint, Rhodes asserts that a Florida circuit court sentenced him to twenty years in prison, with a maximum release date of June 16, 2014. Third Amended Complaint at 5. Approximately two years before his scheduled release date, on August 31, 2012, FCOR conditionally released Rhodes under supervision. Id. However, in August of 2013, Rhodes violated the conditions of his release and FCOR remanded him back to prison. Id. In February of 2014, Rhodes alleges he received a response to an inmate request that stated he would be placed under supervision and conditionally released on July 21, 2014. Thereafter, Rhodes contends he sent an informal grievance to Defendant Davis in February 2014, in which Rhodes maintained his "rightful maximum release date was June 14, 2014 and that he could receive no conditional release supervision upon meeting said maximum release date." Id. at 6. Davis denied the informal grievance. Id. In response to the denial of his informal grievance, Rhodes filed a request for administrative remedy on the same matter. Id. Rhodes maintains that Defendant Bowden "returned the grievance without action and/or denied it without further review into the circumstances. Id. Rhodes contends at this point he wrote a letter to John or Jane Doe of FCOR complaining about the allegedly incorrect release date and arguing that the time he spent on conditional release should have been considered when

calculating his release date. Id. at 6-7. His letter was unsuccessful. On July 21, 2014, FCOR conditionally released Rhodes from prison under supervision. Id. at 7. Rhodes once again violated his conditional release and was re-incarcerated on November 6, 2014, with FCOR re-setting the release date to July 9, 2015. Id. However, Rhodes maintains that he was detained beyond July 9, 2015, and was not released until the middle of August 2015. Id. Rhodes avers that "[a]s a direct and proximate result of Defendants malfeasance, the Plaintiff was 'falsely imprisoned' approximately 11 ½ months of incarceration and left in Fla. DOC custody unlawfully (on conditional release supervision) a total of 107 days." Id. Rhodes states that Defendants acted with reckless indifference and without court-authorization to alter his release date. Id. at 8.

### III.     Motion to Dismiss Standard

In ruling on a motion to dismiss, the Court must accept the factual allegations set forth in the complaint as true. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 n.1 (2002); see also Lotierzo v. Woman's World Med. Ctr., Inc., 278 F.3d 1180, 1182 (11th Cir. 2002). In addition, all reasonable inferences should be drawn in favor of the plaintiff. See Randall v. Scott, 610 F.3d 701, 705 (11th Cir. 2010). Nonetheless, the plaintiff must still meet some minimal pleading requirements. Jackson v. Bellsouth Telecomm., 372 F.3d 1250, 1262-63 (11th Cir. 2004) (citations omitted). Indeed, while "[s]pecific facts are not necessary[,]" the complaint should "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Further, the plaintiff must allege "enough facts to state a claim that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has

3

facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).

A "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" Twombly, 550 U.S. at 555 (internal quotations omitted); see also Jackson, 372 F.3d at 1262 (explaining that "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal") (internal citation and quotations omitted). Indeed, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions[,]" which simply "are not entitled to [an] assumption of truth." See Iqbal, 556 U.S. at 678, 680. Thus, in ruling on a motion to dismiss, the Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face[.]'" Id. at 678 (quoting Twombly, 550 U.S. at 570). And, while "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed," Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998), "'this leniency does not give the court a license to serve as de facto counsel for a party or to rewrite an otherwise deficient pleading in order to sustain an action.'" Alford v. Consol. Gov't of Columbus, Ga., 438 F. App'x 837, 839 (11th Cir. 2011)[3] (quoting GJR Invs., Inc. v. Cty. of Escambia, Fla., 132 F.3d 1359, 1369 (11th

---

[3] "Although an unpublished opinion is not binding . . . , it is persuasive authority." United States v. Futrell, 209 F.3d 1286, 1289 (11th Cir. 2000) (per curiam); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36-2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

4

Cir. 1998) (internal citation omitted), <u>overruled in part on other grounds as recognized in Randall</u>, 610 F.3d at 706).

### IV. Claims Against Bowden and FCOR

Defendant Bowden argues in her motion that the Court should dismiss the claims against her because Rhodes' claims are barred by the statute of limitations, Bowden is entitled to qualified immunity, Rhodes has failed to state a claim for relief against a grievance responder, and Rhodes is not entitled to monetary damages. Bowden Motion at 1, 5-11. Regarding FCOR, the Court notes that Rhodes did not name FCOR as a defendant in his Third Amended Complaint; therefore, Rhodes abandoned his previous claims against FCOR. However, to the extent the Third Amended Complaint could be liberally construed to raise a claim against FCOR, the Court will address the merits of its motion to dismiss. According to FCOR, there are multiple reasons why the claim against it should be dismissed: (1) FCOR is entitled to Eleventh Amendment immunity; (2) the <u>Heck</u>-doctrine bars Rhodes' due process claims; (3) FCOR has discretion under Florida law to grant or deny credit for time spent on conditional release; and (4) the statute of limitations bars this action. FCOR Motion at 1, 6-15. Upon review of the motions, responses, and the Third Amended Complaint, the Court finds that Rhodes has failed to state a claim for relief against either Bowden or FCOR. As such, Rhodes' claims against these Defendants are due to be dismissed and the Court need not address their additional arguments.

"A § 1983 claim of false imprisonment requires a showing of common law false imprisonment and a due process violation under the Fourteenth Amendment." <u>See Campbell v. Johnson</u>, 586 F.3d 835, 840 (11th Cir. 2009) (citing <u>Cannon v. Macon</u>

County, 1 F.3d 1558, 1562–63 (11th Cir.1993)). To establish common law false imprisonment, a plaintiff must show that the defendant had an intent to confine, an act resulted in the plaintiff's confinement, and the plaintiff was aware of the confinement. Id. "The Fourteenth Amendment Due Process Clause includes the 'right to be free from continued detention after it was or should have been known that the detainee was entitled to release.'" Id. (quoting Cannon, 1 F.3d at 1563). A plaintiff demonstrates a due process violation when he or she can show that the defendant acted with deliberate indifference. Id. Thus, to prevail, Rhodes must prove that Defendants "had subjective knowledge of a risk of serious harm and disregarded that risk by actions beyond mere negligence." Id.

At the core of Rhodes' false imprisonment claim is that FCOR failed to count his time served on conditional release towards the time he spent in prison when calculating his release date. Rhodes' contention that a constitutional violation occurred here fails. Under Florida law, time spent on conditional release Is not the equivalent of time spent in prison, and FCOR has "the authority to either grant or deny credit for time spent under supervision when it determines that a violation has occurred." Gay v. Singletary, 700 So. 2d 1220, 1223 (Fla. 1997). Indeed, the Department of Corrections is permitted under Florida law to exclude such credit when calculating a release date after FCOR denies credit. Id. Here, Rhodes admits that he twice violated the terms of his conditional release and FCOR remanded him to prison. Accordingly, FCOR had the authority to detain him past the original release date. Therefore, Rhodes has not established a due process violation because he has not shown that he was entitled to an earlier release, see Campbell, 586 F.3d at 840, or that Defendants had subjective knowledge that Rhodes was being illegally detained. In light of the above, Rhodes' false imprisonment claim is

6

due to be dismissed. Likewise, to the extent Rhodes raises a claim concerning Defendants' failure to properly respond to his grievances, "prisoners have no constitutionally protected liberty interest in having access to prison grievance procedures." Allen v. Sec'y, Fla. Dep't of Corr., 578 F. App'x 836, 839 (11th Cir. 2014) (citing Bingham v. Thomas, 654 F.3d 1171, 1177 (11th Cir. 2011)). Therefore, as Rhodes does not have a constitutionally protected liberty interest in the grievance process, he has failed to state a claim upon which relief can be granted in a § 1983 suit. See id.

## V.     Claims Against John or Jane Doe

The Court notes that "[a]s a general matter, fictitious-party pleading is not permitted in federal court." Richardson v. Johnson, 598 F.3d 734, 738 (11th Cir. 2010). However, under certain circumstances, plaintiffs may sue John Doe defendants, such as when a "plaintiff is unwilling or unable to use a party's real name," or "one may be able to describe an individual . . . without stating his name precisely or correctly." Moulds v. Bullard, 345 F. A'ppx 387, 390 (11th Cir. 2009) (quoting Dean v. Barber, 951 F.2d 1210, 1215-1216 (11th Cir. 1992)) (internal quotations omitted). Where, as here, the plaintiff fails to describe the defendant or provides only a general description of the John Doe and does not request further discovery to identify the defendant, a court may properly dismiss the John Doe. See id. Moreover, further discovery would be futile given the Court's findings that Rhodes has failed to state a claim upon which relief can be granted. As such Defendant John or Jane Doe is due to be dismissed from this action for the reasons expressed above.

In consideration of the foregoing, it is now

7

**ORDERED**:

1. Defendant FCOR's Motion to Dismiss (Doc. 52) is **GRANTED.**

2. Rhodes' Motions for Summary Judgment (Docs. 57; 64) are **DENIED**.

3. Defendant Bowden's Motion to Dismiss (Doc. 61) is **GRANTED**.

4. This case is **DISMISSED**.

5. The **Clerk** shall enter judgment dismissing this case, terminate any pending motions, and close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this 21st day of July, 2020.

*[Signature]*
MARCIA MORALES HOWARD
United States District Judge

Jax-8
C:
Mervin G. Rhodes, #295730
Counsel of Record